NEWTON TRUCK RENTAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Newton Truck Rental v. Commissioner
Docket No. 7544-76.
United States Tax Court
T.C. Memo 1979-450; 1979 Tax Ct. Memo LEXIS 74; 39 T.C.M. (CCH) 468; T.C.M. (RIA) 79450; November 13, 1979, Filed *74 Kenneth F. Kane, for the petitioner. Thomas P. Dougherty, Jr., for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFF, Judge: The Commissioner determined deficiencies in the Federal income tax of petitioner as follows: TAXABLE YEAR ENDED
DEFICIENCY
July 31, 1972
$20,702.86
December 31, 1972
5,261.63
December 31, 1973
19,286.84
Due to concessions, two issues remain for our decision: 1. Whether petitioner was entitled to deduct any amount in excess of $26,777.37 as ordinary and necessary business expenses for parts and repairs in computing its Federal income tax for the taxable year ended July 31, 1968, thus entitling petitioner to an unused investment credit carryover as claimed for the taxable years in issue; and 2. Whether petitioner is entitled to deduct any amount in excess of $91,241.36 as ordinary and necessary business expenses for parts and repairs in computing its Federal income tax for the taxable year ended July 31, 1972. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner *75 Newton Truck Rental is a corporation which had its prdincipal place of business in Harvard, Massachusetts, when the petition in this case was filed. Petitioner filed its Federal income tax returns for the taxable year ended July 31, 1972, December 31, 1972 and December 31, 1973 with the District Director of Internal Revenue in Massachusetts. On its Federal income tax return for the taxable year ended July 31, 1968, petitioner deducted $56,993.94 as ordinary and necessary business expenses for parts and repairs. Respondent audited that return and disallowed $30,216.57 of petitioner's deduction for parts and repairs. Such disallowance was based upon lack of substantiation and lack of legitimate business purpose for certain claimed expenditures. Petitioner's available investment credit negated the adverse effect of such disallowance on petitioner's income, and no deficiency in Federal income tax resulted. Accordingly, no statutory notice of deficiency was issued, but petitioner's unused investment credit carryforward was reduced. In preparing its Federal income tax returns for the taxable years in issue, petitioner did not reduce its unused investment credit carryover as required *76 by the outcome of the audit of petitioner's return for the taxable year ended July 31, 1968. In order to implement that reduction, respondent recomputed petitioner's unused investment credit carryover to the taxable years in issue. As a result of that adjustment and others not in issue here, petitioner's investment credit was recomputed for the taxable years ended July 31, 1972, December 31, 1972 and December 31, 1973. On its Federal income tax return for the taxable year ended July 31, 1972 petitioner deducted $133,958 as ordinary and necessary business expenses for parts and repairs. Respondent disallowed $42,716.64 of that deduction. Such disallowance was based upon lack of substantiation and lack of legitimate business purpose for certain claimed expenditures, as well as upon the improper accrual of certain claimed expenditures in that taxable year. OPINION On its Federal income tax return for the taxable year ended July 31, 1968, petitioner claimed a business expense deduction for parts and repairs which subsequently was partially disallowed by the Commissioner. Such disallowance increased petitioner's income for that taxable year but resulted in no deficiency because *77 petitioner had sufficient investment credits available to engate the added tax liability. The increased use of investment credits in that taxable year reduced the amount of unused investment credit carryover that was available to petitioner in later years. Respondent recomputed petitioner's investment credit for the years in issue in accordance with that reduction. Petitioner contends that it properly computed both its deduction for parts and repairs and its unused investment credit carryover on its return for the taxpayer year ended July 31, 1968. Accordingly, petitioner concludes that the Commissioner erred in adjusting petitioner's investment credit for the years in issue insofar as such adjustments were predicated upon the partial disallowance of the deduction claimed by petitioner for parts and repairs in the taxable year ended July 31, 1968. On its Federal income tax return for the taxable year ended July 31, 1972 petitioner claimed a business expense deduction for parts and repairs which was partially disallowed by the Commissioner. Such disallowance caused petitioner's Federal income tax for that taxable year to be revised upward. Petitioner contends that it is entitled *78 to a deduction for parts and repairs in the full amount reported on its return for the taxpable year ended July 31, 1972 and that the upward revision of its Federal income tax for that taxable year was improper. Two of respondent's adjustments are in issue: (1) the recomputation of petitioner's investment credit for the three taxable years in issue, and (2) the partial disallowance of petitioner's deduction for parts and repairs in the taxable year ended July 31, 1972. Petitioner's only argument concerning the first issue relates to the disallowance of a deduction for parts and repairs in the taxable year ended July 31, 1968 and the associated recomputation of petitioner's unused investment credit carryover to the years in issue. Thus, both issues herein are concerned with the propriety of respondent's partial disallowance of petitioner's deductions for parts and repairs. In this proceeding, petitioner bears the burden of proving that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Specifically, petitioner must prove that respondent was incorrect in disallowing part of *79 petitioner's deductions for parts and repairs. The only documentary evidence that petitioner presented at trial were copies of Federal income tax returns for the taxable years ended July 31, 1968, July 31, 1972, December 31, 1972 and December 31, 1973. The only testimony that petitioner offered at trial was that of the two revenue agents who conducted the audits involved herein. None of the documentary evidence or the testimony substantiated the deductions which had been claimed and disallowed. None of the documentary evidence or the testimony proved that the claimed expenses constituted ordinary and necessary business expenses. To the contrary, petitioner has proved only that insufficient documentation was provided at the audit level, that such lack of documentation may have been due to the destruction of records by fire, [1] and that petitioner offered no acceptable reconstruction of its expenses to overcome that lack of documentation. Since petitioner has presented us with not an iota of proof that contradicts respondent's determination, petitioner has completely failed to carry its burden of proof, and we must agree with respondent's partial disallowance of petitioner's deductions *80 for parts and repairs in the taxable years ended July 31, 1968, and July 31, 1972. Accordingly, respondent's adjustments to petitioner's investment credit carryforward also must be sustained. To reflect the foregoing and concessions by petitioner, Decision will be entered for the respondent.
Footnotes
1. We note that petitioner failed to prove at trial that such fire did occur, the date that it occurred, and the extent of the destruction caused thereby.↩